LEO FOX, ESQ. (LF-1947)
630 THIRD AVENUE, 18TH FLOOR
NEW YORK, NEW YORK 10017
(212) 867-9595

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE:                                                                     Case No.: 16-12453 (MEW)
                                                                                   Chapter 11 Reorganization

      15 JOHN CORP.,
      a/k/a LES HALLES,                              **NOTICE OF SETTLEMENT**
      a/k/a FIRST ADMIN INC.,

               Debtor.
-----------------------------------------------------------X

*SIRS:*

      *PLEASE TAKE NOTICE*, that on October 17, 2016 at 9:30 a.m., the undersigned shall submit for settlement and signature the within Order granting Interim Use of Cash Collateral to the Honorable Michael E. Wiles, United States Bankruptcy Judge in his Chambers at the United States Bankruptcy Court, Old Customs House, One Bowling Green, New York, New York 10004.

Dated: New York, New York
         October 7, 2016

                                                 Yours etc.,

                                                 /s/ *Leo Fox*
                                                 LEO FOX, ESQ. (LF-1947)
                                                 Attorney for Debtor
                                                 630 Third Avenue
                                                 New York, New York 10017
                                                 (212) 867-9595

TO:   Richard Morrissey, Esq.
        Isaac Gabriel, Esq.
        Julie Lawrence, Esq.

Leo Fox, Esq.
630 Third Avenue, 18th Floor
New York, New York 10017
(212) 867-9595

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

IN RE:  Case No.: 16-12453 (MEW)
 Chapter 11 Reorganization

    15 JOHN CORP.,
    a/k/a LES HALLES,
    a/k/a FIRST ADMIN INC.,

                       Debtor.
------------------------------------------------------------X

## ORDER GRANTING INTERIM
## USE OF CASH COLLATERAL

Upon the Application of the Debtor dated September 30, 2016 seeking the use of cash collateral under a grant of adequate protection with respect to the purported secured creditors, American Express and Rewards Network Establishment Services Inc. (collectively, the "Secured Creditors") which may assert a security interest in the Debtor's property, as such term is defined in Section 363(a) of the Bankruptcy Code ("Cash Collateral") during the period commencing with the entry of this Order for a period of until November 16, 2016 ("First Interim Cash Collateral Period") and the Debtor having projected that the Debtor will create cash proceeds and will be required to expend certain necessary expenses and good and adequate cause has been shown to justify the granting of the relief requested, it further appearing that service of the Application upon the Secured Creditors, the United States Trustee, and certain of the largest unsecured Debtor's creditors, who have made available e-mail addresses, in the manner provided in the Application, is sufficient under the circumstances herein, pursuant to 11 U.S.C. §§102 and 363.

### *NOW IT IS HEREBY ORDERED AND ADJUDGED*

1. The Debtor is authorized to continue to operate the business of the Debtor and expend funds, and use the proceeds of the credit card receivables as identified in the Application on a preliminary basis, in accordance with the budget attached to this Order as Exhibit "A" (the "Budget"), for a period from the August 25, 2016 (the "Petition Date") through and including November 16, 2016.

2. Secured Creditors are each granted <u>nunc</u> <u>pro</u> <u>tunc</u> as of the Petition Date, as adequate protection pursuant to 11 U.S.C. § 363 for the use of the Secured Creditors' Cash Collateral since the Petition Date and for the term of this Order, and up to the amount of Cash Collateral expended by the Debtor post-petition, valid and perfected replacement liens in the post-petition assets and personal property of the Debtor, tangible and intangible, to the same extent, validity, perfection, rank and priority of the security interests held by such Secured Creditors in such property prior to the Debtor's Chapter 11 filing, as security for the claims asserted by the Secured Creditors subject to any valid and enforceable security interests or liens which existed as of the filing date. This grant is given without prejudice to the Secured Creditors seeking as adequate protection amounts which are in excess of the amounts which are to be paid to such Secured Creditors under this Order and to the Debtor's rights to seek claw-back of any amounts paid under this Order if the adequate protection payments were not necessary or appropriate under Sections 361, 363 and 506(c) of the Bankruptcy Code as determined by a final order of the Bankruptcy Court after notice and hearing to the Secured Creditors as required under the Bankruptcy Code and Bankruptcy Rules of Procedure or if no adequate protection payments were required to be made on account of Cash Collateral.

3. The Debtor may use the Cash Collateral of the Secured Creditors for actual and necessary expenses incurred in the ordinary course of the business of the Debtor in the amounts, and for the purposes, as set forth on the Budget. No payments are being made or shall be made by the Debtor to any insider of the Debtor. The Debtor shall pay to American Express 5% of all American Express credit card receivables collected during First Interim Cash Collateral Period. The Debtor shall pay to Rewards Network 4% of all Master Card and Visa credit card receivables collected during the First Interim Cash Collateral Period.

4. The Debtor may at any time request in writing the Secured Creditor's permission to exceed any budgeted line item amount, which permission shall not be unreasonably withheld by the Secured Creditor upon the Debtor's demonstration of the necessity to exceed the budgeted amount due to unforeseen circumstances. If (i) Debtor has requested consent to exceed any budgeted line amount (which request shall include all relevant supporting documentation and the ability for Secured Creditor or its agent to inspect the Debtor's books and records, (ii) either of the Secured Creditors has not given its consent within five (5) business days after such written request by Debtor, and (iii) the Debtor believes that Secured Creditor's consent was unreasonably withheld, the Debtor may seek authorization of the Court upon not less than five (5) business days notice to the Secured Creditors and its counsel to exceed a budgeted line item amount.

5. The use of Cash Collateral set forth in this Order shall continue subject to further Court Order to be held at the next hearing date scheduled for a final, or a further interim use of cash collateral.

6. Nothing contained herein shall be deemed to be a determination of the extent, validity, perfection or enforceability of the Secured Creditors claims against the Debtor as of the

Petition Date or of security interests, liens, other interest and claims granted to the Secured Creditors with respect thereto, and the right to challenge the validity, perfection, or enforceability of all such liens, claims, security interests, interests and other rights of the Secured Creditors are hereby reserved to the Debtor, any subsequent trustee, and any other party in interest.

7. All of the liens granted to the Secured Creditors herein are expressly subordinated to the claims of the Office of the United States Trustee pursuant to 28 U.S.C. Section 1930(a), and to statutory interest thereon. Under the terms of this interim use which subordination may be extended to include a carve out for Chapter 7 Trustee Fees and Chapter 7 Trustee attorneys fees in the event of a conversion upon entry of a Order authorizing final use of cash collateral if so ordered by the Court or agreed to by all secured creditors.

8. Within twenty (20) days after the end of each calendar month, the Debtor shall serve the Secured Creditors, and their respective counsel, with copies of operating reports for such month. In addition, within 24 hours of the entry of this Order, the Debtor shall provide American Express and Rewards Network with (i) all of the Debtors' credit card processing information in a manner which it provided prior to the Chapter 11 filing to track and tabulate all credit card transactions processed by the Debtor to calculate the amounts due under this Order, and (ii) the Debtor's banking information, including a voided check from the account where the adequate protection payments provided for herein are to be drawn from. Rewards Network shall be entitled to process each of its adequate protection payments as provided for under its Agreement with the Debtor, which shall occur via automated clearing house debits from the Debtor's bank account on a daily basis during the First Interim Cash Collateral Period provided that any such costs and expenses associated with ACH debits or credit card processor charges shall be borne by Rewards Network.

9. The Debtor shall maintain appropriate insurance during the pendency of its Chapter 11 case and shall provide to Secured Creditors proof of such insurance and proof of payment of all premiums, which premiums shall be paid promptly when due.

10. Except as otherwise expressly provided in this Order, the Debtor and Secured Creditors, shall retain all of their respective rights and remedies thereunder, subject to the provisions of the Bankruptcy Code.

11. Notwithstanding anything to the contrary contained herein, the Debtor's authority to use in any way and to any extent the Cash Collateral shall immediately terminate, upon a finding for the Court of the occurrence of any of the following events (each a "Termination Event"):

   (a) The Debtor's failure to comply with any of the terms and conditions contained in this Order;

   (b) The entry of an Order dismissing this case or converting this case to one under Chapter 7 of the Bankruptcy Code;

   (c) Upon the effective date of a plan of reorganization of the Debtor confirmed by this Court;

   (d) Entry of an Order by the Court approving or authorizing the appointment of a Chapter 11 Trustee or Chapter 7 Trustee in this case.

12. The provisions of this Order shall be binding upon, and inure to the benefit of Secured Creditors, the Debtor, and their respective successors and assigns, including but not limited to, any Trustee or other fiduciary appointed as a legal representative of the Debtor whether under Chapter 11 of the Bankruptcy Code or any subsequent Chapter 7 case or in connection with any other state or federal proceeding.

13. The automatic stay imposed by Section 362 of the Bankruptcy Code shall be, and hereby is, lifted and vacated to the extent necessary to implement and effectuate the terms and conditions of this Order. Except to the extent otherwise provided in this Order, the automatic stay

imposed by Section 362 of the Bankruptcy Code, in all other respects, shall remain in effect during the pendency of this case.

Dated:   New York, New York
         October __, 2016

                                        _____
                                        HONORABLE MICHAEL E. WILES
                                        UNITED STATES BANKRUPTCY JUDGE