LEO FOX, ESQ. (LF-1947)
630 THIRD AVENUE, 18TH FLOOR
NEW YORK, NEW YORK 10017
(212) 867-9595

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
IN RE:                                                                          Case No.: 16-12453 (MEW)
                                                                                      Chapter 11 Reorganization

    15 JOHN CORP.,
    a/k/a LES HALLES,
    a/k/a FIRST ADMIN INC.,

                                   Debtor.
-------------------------------------------------------------X

**APPLICATION SEEKING CONDITIONAL APPROVAL OF DISCLOSURE
STATEMENT, TO COMBINE HEARING ON DISCLOSURE STATEMENT
AND CONFIRMATION, APPROVING EXTENSION OF BAR DATE
FOR "OPT OUT" CREDITORS TO FILE CLAIMS AND TO
OBJECT TO CONFIRMATION AND FIXING DATE FOR CONFIRMATION AND FOR
OBJECTIONS TO THE DISCLOSURE STATEMENT AND THE CONFIRMATION**

      15 John Corp., a/k/a Les Halles, a/k/a First Admin Inc., the above Debtor, respectfully represents:

      1.    On August 25, 2016, the above Debtor filed a voluntary Petition pursuant to title 11, chapter 11 of the United States Code, (the "Bankruptcy Code").

      2.    No Trustee or Examiner has been appointed in this case.

      3.    The Debtor is in the business of owning and operating Les Halles-15 John Street, New York, New York 10038, a well known restaurant in the New York City known as Les Halles, serving celebrities and well connected and fashion related clientele.

### COMBINED HEARING OBJECTIONS TO DISCLOSURE STATEMENT
### AND CONFIRMATION AND FIXING DATE FOR CONFIRMATION

4. The Debtor was filed as a small business case. Pursuant to Bankruptcy Rule 3017.1, the Debtor requests that it be permitted to seeking conditional approval of the Disclosure Statement filed contemporaneously with this application, and to seek a date by which creditors may accept or reject the Plan, fix a date for filing objections to the Disclosure Statement and the Plan confirmation, and fixing a date for the hearing on the approval of the Disclosure Statement and on confirmation of the Plan.

5. The relief is requested based upon, among other things, the significant costs in maintaining and continuing this Chapter 11 case which is actually a fairly small case and avoiding further unnecessary and costly administration expenses. One of the principal hurdles in this case was the existence of a Class Action against the Debtor and others which, as will be seen, requires specific procedures. There is no committee in this case. The rule contemplates this relief for this precise situation.

### PROVISIONS FOR CLASS CREDITORS OPTING OUT
### AND FILING SEPARATE CLAIMS

6. Pursuant to Stipulation dated December 5, 2016 (Exhibit A), Class Action Plaintiffs' attorneys and the Debtor stipulated that the Class Action attorneys would file a class group claim. By claim filed December 21, 2106 (Exhibit B), a claim was filed in the amount of $5,616,730.88. It is contemplated that the Bankruptcy Court will approve the filing of a Class Claim, deal with the two "opt out" creditors from the Class and certain of the Class Action members who may have filed separate proofs of claim from the Class Claim and permit the voting of such Class Claim on one vote per Class member basis.

2

7.     The Class Action is composed of approximately 329 members consisting of persons who originally retained the Class Action attorneys to commence the action, persons joining the action and persons opting in this action.

8.     There appear to have been two "opt outs" from this Class based upon the representations of Class counsel. Charles Western located at 274 Waters Street, New York, New York 10038 was employed by the Debtor from June 9, 2014 to July 2, 2014. Massimiliano Paccagnella was employed by La Boucherie from October 21, 2014 to January 31, 2015. The Class Action asserts liability against the Debtor as joint and several with La Boucherie thus constituting a claim under Section 101(5) of the Bankruptcy Code. On information and belief these two persons did not file any claims in this case.

9.     The Debtor respectfully requests that the Bar Date for the two opt out persons be extended to a date which will allow such persons to file their claims, if any, and to interpose any objection that they believe to be appropriate, the Disclosure Statement or the Plan confirmation. This will afford these two opt out individuals any rights of due process which the Courts may have determined to be due to such individuals. A copy of the proposed Bar Date Notice is attached hereto as Exhibit C.

10.    In addition, a total of 13 members of the Class Action, who also happen to be presently working as employees of the Debtor, filed Proofs of Claim. Their names are attached as Exhibit D herein. To the extent that these claims are directed to the status of these employees as Class Action Plaintiffs, the Class Action claim may be duplicative. The Debtor proposes to allow these claimants a right to vote their claim independent of the Class Action Claim.

11.    The treatment afforded both of these creditors is based upon law.

## THE LAW

12. As a threshold matter, the Court must consider and recognize this Class claim. The factors to consider in recognizing a Class claim in bankruptcy is (1) whether the Class was certified pre-petition, (2) whether members of the Class received notice of the bar date and (3) when Class certification will adversely affect the administration of the estate. *In re MF Global Inc.*, 512, B.R. 757, 763 (Bkrtcy. S.D.N.Y. 2014), *In re Musicland Holding Corp.*, 362, B.R. 644 (Bkrtcy. S.D.N.Y. 2007).

13. Here the Class was certified pre-petition by the District Court pursuant to Rule 23 in a detailed 13 page decision (Exhibit E). On information and belief, members of the Class did not receive notice of the Bar Date Notice. Nor should members of the Class have expected to receive and expected to file a claim in this case. They should not have received any notice about the bankruptcy case. Finally, the certification of the Class will expedite administration of the estate and not delay administration where these creditors' due process rights need to be maintained. There are well over three hundred fifty Class members. This would entail a plethora of claims filed by individuals who would require significant assistance to file the claims. Accordingly, the Debtor respectfully submits that it has established under Rule 23 analysis, that the Class claim shall be recognized.

## VOTING PROCEDURES

14. Although not free from debt, the Class Representatives may vote the class by one vote for each class member for purposes of § 1126(c) of the bankruptcy Code. *In Home Mortgage Realty Trust*, 125 B.R. 575, (Bktcy. C.D. Calif. 1991), when both the class representative and hundreds of individuals, class voters voted, the Court determined that "the individual votes must be counted and class representatives are permitted to vote only for the

4

class members who have not voted individually for or against the Plan" 125 B.F. 16 583-584. The Court discussed the issue of whether the class vote is a single vote per class member for purposes of § 1126. Accordingly, it is submitted that the Court may calculate the votes by calculating one vote per member of the class members who did not vote but relied on the Class Representative vote and count the votes of the voting members separately.

15. This procedure is reinforced by the fact that nearly all the class members opted to continue with the Class when they formed the class, and at the time that the District Court certified the Class. As was noted, "the Second Court has explicitly rejected the contention that class members must be given a second opportunity to "opt out" after the terms of a settlement was announced", *In re Worldcom Inc., Sec. Lit.*, 388 F. Supp. 2d 319, 342 (S.D.N.Y. 2005). While there is no settlement, the procedure of a group claim with each Class member counted as a vote will expedite the process of the voting of the Class Action group.

**WHEREFORE** it is respectfully requested that the Court enter an Order conditionally approving the Disclosure Statement, combining the hearing on Disclosure Statement and Confirmation, approving extension of Bar Date for "opt out" creditors to file claims and to object to Confirmation and fixing date for Confirmation and for objections to the Disclosure Statement and the Confirmation and granting such other and further relief as is proper.

Dated: New York, New York
      May 8, 2017

                                    *15 JOHN CORP.,*
                                    *a/k/a LES HALLES,*
                                    *a/k/a FIRST ADMIN INC.*
                                    *Debtor*

                  By:   */s/ Leo Fox*
                          LEO FOX, ESQ. (LF-1947)
                          Attorney for Debtor
                          630 Third Avenue

New York, New York 10017
(212) 867-959

6