**QUARLES & BRADY LLP**
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone: (602) 230-4622
Facsimile: (602) 229-5690
Isaac M. Gabriel, Esq. (AZ Bar No. 021780)
*(admitted pro hac vice)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>15 JOHN CORP.,<br>a/k/a LES HALLES,<br>a/k/a FIRST ADMIN INC.,<br><br>           Debtor. | Chapter 11<br><br>Case No. 16-12453 (MEW) |

**REWARDS NETWORK ESTABLISHMENT SERVICES INC.'S**
**LIMITED OBJECTION TO THE DEBTOR'S DISCLOSURE STATEMENT**
**DATED MAY ___, 2017**

      This Limited Objection is filed by REWARDS NETWORK ESTABLISHMENT SERVICE INC. ("**Rewards Network**"), a secured creditor and party-in-interest in the above-captioned Chapter 11 bankruptcy case (the "**Bankruptcy Case**") of 15 JOHN CORP. (the "**Debtor**") in connection to the Debtor's "Disclosure Statement Dated May ___, 2017" filed on May 8, 2017 [Dkt. No. 91] (the "**Disclosure Statement**").

      As an initial matter, the Debtor's Disclosure Statement lacks much of the required information necessary for a creditor or party-in-interest to evaluate whether or not it should vote in favor of the proposed Plan, whether the Plan should be confirmed, or whether the Plan can even meet the requirements under 11 U.S.C. § 1129 (among other sections of the Code). Accordingly, Rewards Network respectfully reserves its rights to raise additional objections to the Disclosure

QB\116122.00235\45712878.1

Statement at a later date.  However, in light of the status conference before the Court currently set for Friday, May 12, 2017 at 11:00 a.m. EST, Rewards Network files this Limited Objection with respect to the following two issues.

First, the Debtor has attached no financial projections to its Disclosure Statement. Instead, the Debtor filed a handwritten Exhibit B to the Disclosure Statement that stated, "projections to be included."  Projections are obviously needed in order to evaluate the feasibililty of the Plan.  The Court should not consider approving this Disclosure Statement (or any other subsequent disclosure statement filed by the Debtor) without financial projections, which are necessary to evaluate, among other things, the feasibility of the Plan.  At minimum, the Court should set a date by which the projections must be filed to avoid a filing on the eve of confirmation.

Second, the Debtor has provided little to no information regarding the alleged source of Mr. Lajaunie's funds for the Plan, and instead has only stated that "Lajaunie is selling his condominium located in Colorado (the "**Condo**")."  This limited information provides parties with no ability to evaluate the amount of funds that a sale of the Condo might generate.  At a minimum, the Debtor should be required to provide the address of the Condo (including its unit number), its asserted value, whether it has been appraised, and the listing details, and the nature and amount of any liens on the Condo (or disputed liens).  The Court should not approve the disclosure statement without these additional disclosures.

### III.  CONCLUSION

WHEREFORE, Rewards Network respectfully requests that the Court enter an Order: (i) denying conditional approval of the Disclosure Statement as submitted and requiring the Disclosure Statement to be modified in accordance with the objections raised in this Limited

Objection; and (ii) granting such other and further relief available under equity or applicable law under the circumstances.

|  |  |
|---|---|
| Dated: May 11, 2017<br>Phoenix, Arizona | Respectfully submitted,<br><br>/s/ Isaac M. Gabriel<br>Isaac M. Gabriel (admitted *pro hac vice*)<br><br>QUARLES & BRADY LLP<br>One Renaissance Square<br>Two North Central Avenue<br>Phoenix, AZ  85004-2391<br>Telephone: (602) 230-4622<br>Facsimile: (602) 229-5690<br>Email: isaac.gabriel@quarles.com<br><br>*Attorneys for Rewards Network Establishment Services Inc.* |