**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SALDUTTI LAW GROUP f/k/a SALDUTTI, LLC and ROBERT L. SALDUTTI | : : : : | |
| Plaintiff | : : | CIVIL ACTION |
| V. | : : | No: 2:15-cv-04966-JD |
| FERRARI & FERRARI, LLP, MICHAEL FERRARI, ESQ. 15 JOHN CORP., and PHILIPPE LAJAUNIE | : : : : : | |
| Defendants. | : : : | |

## AMENDED COMPLAINT

1.    Plaintiff, Saldutti Law Group f/k/a Saldutti, LLC, is a law firm with its place of business at 800 North Kings Highway, Cherry Hill, NJ 08034.

2.    Plaintiff, Robert L. Saldutti, is an adult individual with a business address of 800 North Kings Highway, Cherry Hill, NJ 08034 and is a partner in the law firm of Saldutti Law Group.

3.    Defendant, Ferrari & Ferrari LLP, is a law firm formed and organized under the law of the state of New York with an address at 630 Third Avenue, 18th Floor, New York, NY 10017.

4.    Defendant, Michael Ferrari, Esq., is an attorney licensed in the state of New York with a business address at 630 Third Avenue, 18th Floor, New York, NY 10017.

5.    Defendant, 15 John Corp, is a business entity with

offices at 411 Park Avenue South, New York, NY 10016.

6.   Defendant, Philippe Lajaunie, is an adult individual who resides at 411 Park Avenue South, Apartment 3D, New York, NY 10016.

## THE UNDERLYING ACTION

7.   Plaintiffs fully incorporate the above paragraphs as though they were set forth here at length.

8.   On or about May 14, 2010 Plaintiffs filed a Statement of Claim on behalf of their client, Samuels And Son Seafood Co., Inc., in the Philadelphia Municipal Court against Defendants, 15 John Corp. and Philippe Lajaunie ("MC Defendants"), based upon the Defendants' failure to remit payment on unpaid invoices.

9.   MC Defendants failed to appear or otherwise enter their appearance and thus a default judgment was entered against them on June 29, 2010.

10.   On or about December 22, 2011 the MC Defendants through counsel, Robert Dickman, Esq., filed a petition to open the default judgment.

11.   The petition did not contain any allegations of fraud and argued only that the Philadelphia Municipal Court did not have personal jurisdiction over the MC Defendants. (Exhibit 1).

12.   A hearing was held on January 30, 2012 before The Honorable Teresa Carr-Deni who denied the MC Defendants' petition.

13.   During oral argument, MC Defendants did not allege that there was any fraud in the inducement of the default judgment. (Exhibit 2).

14.   On or about February 8, 2012 MC Defendants filed a notice of appeal with the Philadelphia Court of Common Pleas.

15.   Subsequently, the MC Defendants filed a motion to reverse the order of the Municipal Court on February 23, 2012. The motion did not allege that the default judgment was obtained through fraud. (Exhibit 3).

16.   After oral argument on April 17, 2015 Judge Leon Tucker denied the MC Defendants' motion. (Exhibit 4).

17.   On October 22, 2015 MC Defendants' counsel, Robert Dickman, Esq., filed a petition to withdrawal upon the grounds that he found his clients' conduct repugnant and/or disagreeable. (Exhibit 5).

**THE NEW YORK ACTION**

18.   Plaintiffs fully incorporate the above paragraphs as though they were set forth here at length.

19.   On or about March 3, 2014 the MC Defendants through their New York counsel, Ferrari & Ferrari LLP and Michael Ferrari, Esq., filed a complaint ("Complaint") in the Supreme Court of the State of New York, County of New York, against the Plaintiffs and Samuels And Son Seafood Co., Inc. under Index Number 650715/2014 ("New York Action"). (Exhibit 6).

20.   The Complaint alleged for the first time, almost four years after the judgment was entered, that the default judgment entered on June 29, 2010 was procured through fraud.

21.   The Plaintiffs removed the New York Action to the U.S. District Court for the Southern District of New York on or about April 17, 2014.

22.   On or about May 6, 2014 counsel for Samuels and Son Seafood Co., Inc. ("Samuels") sent a letter to Ferrari & Ferrari LLP and Michael Ferrari, Esq. wherein Samuels notified the Defendants that the New York Action was improper and frivolous; Samuels requested that the New York Action be dismissed. (Exhibit 7).

23.   The Defendants failed to dismiss the New York Action and on or about July 11, 2014 the Plaintiffs filed a joint motion to dismiss.

24.   Despite opposition from the Defendants, the motion to dismiss was granted on December 12, 2012. (Exhibit 8).

25.   The MC Defendants filed an appeal to the United States Court of Appeals for the Second Circuit on or about January 12, 2015. The Second Circuit upheld the dismissal of the action but ordered the matter remanded to New York state court.

26.   Once the matter was remanded to New York state court, the Plaintiff filed a motion to dismiss that was granted on November 23, 2015. (Exhibit 9).

## COUNT I – ABUSE OF PROCESS

27.   Plaintiffs fully incorporate the above paragraphs as though they were set forth here at length.

28.   The named Defendants initiated and continued litigating the New York Action for an illegitimate aim, namely to coerce the Plaintiffs into vacating the Philadelphia Municipal Court judgment.

29.   The Plaintiffs have incurred significant legal fees in order to defend themselves in the New York Action.

30.   At all times relevant hereto the Defendants did not intend to obtain a judgment in the New York Action, their only goal was to coerce the Plaintiff into vacating the Philadelphia Municipal Court judgment.

WHEREFORE, Plaintiffs, request judgment in their favor and against the Defendant(s), Ferrari & Ferrari LLP, Michael Ferrari, Esq., 15 John Corp, and Philippe Lajaunie in the amount of $75,000.00, plus costs and attorney's fees that may accrue and such other and further relief as this Court may deem equitable and just.

## COUNT II – MALICIOUS PROSECUTION/WRONGFUL USE OF CIVIL PROCEEDINGS [DRAGONETTI ACT]

31.   Plaintiffs fully incorporate the above paragraphs as though they were set forth here at length.

32.   The Defendants acted in a grossly negligent manner or without probable cause in commencing the New York Action.

33.   The Defendants knew that there was no legal basis for the New York Action and filed the New York Action merely to harass or

maliciously injure Plaintiffs.

34. The Defendants continued the New York Action despite notice that the action was improper.

35. The New York Action has terminated in favor of the instant Plaintiffs.

36. The filing of the New York Action was improper and without probable cause.

37. Plaintiffs have incurred significant legal fees in order to defend themselves in the New York Action.

WHEREFORE, Plaintiffs, request judgment in its favor and against the Defendant(s), Ferrari & Ferrari LLP, Michael Ferrari, Esq., 15 John Corp, and Philippe Lajaunie in the amount of $75,000.00, plus costs and attorney's fees that may accrue and such other and further relief as this Court may deem equitable and just.

Respectfully submitted,
SALDUTTI LAW GROUP

ROBERT T. LIEBER JR., ESQUIRE
Attorney for Plaintiffs

Dated: December 7, 2015.

# EXHIBIT 1



# PHILADELPHIA MUNICIPAL COURT
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA. 19107

Marsha H. Neifield, President Judge      Patricia R. McDermott, Deputy Court Administrator.

**# SC-10-05-14-4971**

| | |
|---|---|
| Samuels and Son Seafood Co., Inc.<br>3400 S. Lawrence Street<br>Philadelphia, PA 19148 | 15 JOHN CORP., AKA/DBA: t/a LES HALLES<br>A/K/A LES HALLES RESTAURANT A/K/A<br>LEMARAIS GROUP CORP. A/K/A LAMARALS 2<br>A/K/A LEMARAI 2 A/K/A LEMARAIS 2 A/K/A<br>LEMARAIS 2K CORP A/K/A LE MARAIS II, LHLM<br>GROUP, CORP., PHILIPPE LAJAUNIE<br>(continued...) |

ROBERT DICKMAN

---

Attorney

Attorney # 001595

Address & Phone

THE LAND TITLE BUILDING, SUITE 1610 100 S.
BROAD STREET
PHILADELPHIA, PA 19110
215-587-9090

# PETITION

## TO THE HONORABLE, THE JUDGES OF THE SAID COURT:

### Your Petitioner respectfully requests that:

1. Petitioner is the named _____ Plaintiff  X  Defendant in the above-captioned case.

2. That the  X  Plaintiff _____ Defendant is/and resides at:
   Samuels and Son Seafood Co., Inc.
   3400 S. Lawrence Street Philadelphia, PA 19148

3. That a hearing was held in Municipal Court on 06/29/2010 and a Judgment was entered for  X Plaintiff ___ Defendant by Default on 06/29/2010.

4. Your Petitioner failed to appear at the hearing for reason that:
   This Court is without jurisdiction of Defendants.

---

5. Your Petitioner has a good reason to proceed in that:
   On June 29, 2010, judgment was entered against Defendants by default in the amount of $6,759.71 ("the Judgment"). Defendants' principal places of business are in New York City. Defendants do not reside, maintain places of business, or do business within the Commonwealth of Pennsylvania. All of the goods
   ( more )

## WHEREFORE, your Petitioner respectfully requests the Court to open this judgment to allow your Petitioner to proceed.

I am an attorney for the defendant(s), the defendant's authorized representative or have a power of attorney for the defendant(s) in this petition action. I hereby verify that I am authorized to make this verification; that I have sufficient knowledge, information and belief to take this verification or have gained sufficient knowledge, information and belief from communications with the defendant or the persons listed below and that the facts set forth are true and correct to the best of my knowledge, information and belief. I understand that this verification is made subject to the penalties set forth in 18 Pa. C.S. § 4904, which concerns the making of unsworn falsifications to authorities. If I am an authorized representative or have a power of attorney, I have attached a completed Philadelphia Municipal Court authorized representative form or a completed power of attorney form.

ROBERT DICKMAN

---

Signature Plaintiff/Attorney/Petitioner              Intv. Code

172-06/11/01



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### 34 South 11th Street, Philadelphia, PA. 19107

Marsha H. Neifield, President Judge     Patricia R. McDermott, Deputy Court Administrator

# SC-10-05-14-4971

| Samuels and Son Seafood Co., Inc.<br>3400 S. Lawrence Street<br>Philadelphia, PA 19148 | 15 JOHN CORP., AKA/DBA: t/a LES HALLES<br>A/K/A LES HALLES RESTAURANT A/K/A LEMARAIS<br>GROUP CORP. A/K/A LAMARALS 2 A/K/A LEMARAI<br>2 A/K/A LEMARAIS 2 A/K/A LEMARAIS 2K CORP<br>A/K/A LE MARAIS II, LHLM GROUP, CORP.,<br>PHILIPPE LAJAUNIE |
|---|---|
| *Plaintiff(s)* | *Defendant(s)* |

## Overflow of Reason To Proceed Notes

allegedly ordered by Defendants from Plaintiff were delivered to Defendants in Washington, D.C. By virtue of the foregoing, this Honorable COurt was, is, and remains without jurisdiction to enter the Judgment against the Defendants or any of them. By virtue of the foregoing, the Judgment is void. A judgment entered without jurisdiction may be stricken at any time, even on appeal; a court does not gain jurisdiction by the passage of time.
WHEREFORE, the Judgment should be stricken.



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### 34 South 11th Street, Philadelphia, PA. 19107

Marsha H. Neifield, President Judge        Patricia R. McDermott, Deputy Court Administrator

## COMPLETE NAME AND ADDRESS LISTING

# SC-10-05-14-4971

| Plaintiff(s) | Defendant(s) |
|---|---|
| Samuels and Son Seafood Co., Inc.<br>3400 S. Lawrence Street<br>Philadelphia, PA 19148 | 15 JOHN CORP., AKA/DBA; C/a LES HALLES A/K/A LES HALLES RESTAURANT A/K/A LEMARAIS GROUP CORP. A/K/A LAMARAIS 2 A/K/A LEMARAI 2 A/K/A LEMARAIS 2 A/K/A LEMARAIS 2K CORP A/K/A LE MARAIS II<br>411 PARK AVENUE SOUTH<br>NEW YORK, NY 10016<br><br>LHLM GROUP, CORP.<br>411 PARK AVENUE SOUTH<br>NEW YORK, NY 10016<br><br>PHILIPPE LAJAUNIE<br>411 PARK AVENUE SOUTH APT 3D<br>NEW YORK, NY 10016 |

# EXHIBIT 2

16-12453-mew    Doc 137-2    Filed 10/09/17    Entered 10/09/17 16:58:03    Exhibit Ex A
Amended Complaint    Pg 13 of 27
Case 2:15-cv-04966-JD    Document 30    Filed 12/07/15    Page 12 of 26
Case 1:14-cv-02793-VM    Document 14    Filed 05/16/14    Page 7 of 26

1                                                                           1

1           THE PHILADELPHIA MUNICIPAL COURT

2                34 SOUTH 11TH STREET

3            PHILADELPHIA, PENNSYLVANIA

4                      - - -

5

6     SAMUELS AND SON SEAFOOD CO., INC.

7          VS.

8     15 JOHN CORP., LHLM GROUP, CORP., AND PHILLIP

9     LAJAUNIE

10

11

12           CLAIM# SC-10-05-14-4971

13        TRANSCRIPT OF PROCEEDINGS

14        MONDAY, JANUARY 30, 2012

15                  - - -

16            COURTROOM 4D

17         34 SOUTH 11TH STREET

18        PHILADELPHIA, PENNSYLVANIA

19                 - - -

20

21

22    BEFORE:   THE HONORABLE TERESA CARR-DENI

23

24

25                 - - -

Case ID: 120200697
Control No.: 12023613

16-12453-mew    Doc 137-2    Filed 10/09/17    Entered 10/09/17 16:58:03    Exhibit Ex A
Amended Complaint    Pg 14 of 27
Case 2:15-cv-04966-JD    Document 30    Filed 12/07/15    Page 13 of 26
Case 1:14-cv-02793-VM    Document 14    Filed 05/16/14    Page 8 of 26

2

1    APPEARANCES:

2    CHRISTOPOHER DAMORE, ESQUIRE

3    Counsel for Plaintiff

4

5    ROBERT DICKMAN, ESQUIRE

6    Counsel for Defendant

7

8

9

10    PRESENT:

11    No parties called or identified

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Case ID: 120200697
Control No.: 12023613

16-12453-mew    Doc 137-2    Filed 10/09/17    Entered 10/09/17 16:58:03    Exhibit Ex A
Amended Complaint    Pg 15 of 27
Case 2:15-cv-04966-JD    Document 30    Filed 12/07/15    Page 14 of 26
Case 1:14-cv-02793-VM    Document 14    Filed 05/16/14    Page 9 of 26

```
 1                                                    3

 2                         INDEX

 3

 4     WITNESS              DR   CR   RDR   RCR

 5     No Witnesses Called

 6

 7

 8

 9

10                        EXHIBITS

11     NO.    DESCRIPTION                    ID

12

13     No Exhibits filed with this hearing

14

15

16

17

18

19

20

21

22

23

24

25
```

Case ID: 120200697

Control No.: 12023613

16-12453-mew    Doc 137-2    Filed 10/09/17    Entered 10/09/17 16:58:03    Exhibit Ex A
Amended Complaint    Pg 16 of 27
Case 2:15-cv-04966-JD    Document 30    Filed 12/07/15    Page 15 of 26
Case 1:14-cv-02793-VM    Document 14    Filed 05/16/14    Page 10 of 26

4

1                              — — — —

2                      P R O C E E D I N G S

3                              — — — —

4

5          (Hearing began at 11:48:21 a. m.)

6

7          COURT CRIER:  Judge, our 11 o'clock

8    Petition Number 1, Samuels and Son Seafoods.

9          MR. DICKMAN:  Good Morning, Your Honor,

10   my name is Robert H. Dickman; I represent

11   the Defendants/Petitioners.

12          MR. DAMORE:  Good Morning, Your Honor,

13   Christopher Damore, appearing on behalf of

14   the Plaintiff.

15          THE COURT:  The Plaintiff obtained a

16   default judgment on June 29th, 2010?

17          MR. DICKMAN:  Yes, Your Honor.

18          THE COURT:  And the Petition was filed

19          —

20          MR. DICKMAN:  The Petition to strike

21   the judgment was filed December 22nd, 2011,

22   Your Honor.

23          THE COURT:  Are you referring to the

24   Petition to open the judgment?

25          MR. DICKMAN:  Actually, it was, when we

Case ID: 120200697
Control No.: 12023613

16-12453-mew   Doc 137-2   Filed 10/09/17   Entered 10/09/17 16:58:03   Exhibit Ex A
Amended Complaint   Pg 17 of 27
Case 2:15-cv-04966-JD   Document 30   Filed 12/07/15   Page 16 of 26
Case 1:14-cv-02793-VM   Document 14   Filed 05/16/14   Page 11 of 26

5.

1   filed it was labeled Petition to Strike the

2   Judgment, Your Honor.

3        THE COURT:   And you're claiming lack of

4   jurisdiction.

5        MR. DICKMAN:   That is correct, Your

6   Honor.   The basis of lack of jurisdiction is

7   that the statement of claim on its face

8   shows that the three named Defendants, 15

9   John Corp, LHLN Group Corp, and Phillip

10  LaJaunie all reside or have their places of

11  business in New York City.   The exhibit, The

12  Statement of Claim, shows that the goods

13  which were ordered by the Defendants and

14  delivered by the Plaintiff were delivered to

15  Washington, D. C.   Based on that set of

16  circumstances, Your Honor, there was no

17  jurisdiction in Philadelphia for The Court

18  to hear this case.

19       THE COURT:   Is there a contract here?

20       MR. DAMORE:   Yes, there is.

21       THE COURT:   Do you have it?

22       MR. DAMORE:   Yes, it is attached to our

23  pleadings.

24       THE COURT:   Bring up that exhibit

25  please or show it to me if you have it and

Case ID: 120200697

Control No.: 12023613

16-12453-mew   Doc 137-2   Filed 10/09/17   Entered 10/09/17 16:58:03   Exhibit Ex A
Amended Complaint   Pg 18 of 27   Page 17 of 26
Case 2:15-cv-04066-VD   Document 30   Filed 12/07/15   Page 17 of 26
Case 1:14-cv-02793-VM   Document 14   Filed 05/16/14   Page 12 of 26

6

1  what does the contract say about

2  jurisdiction?

3      MR. DICKMAN:  If Your Honor please,

4  there is a consent to jurisdiction signed on

5  behalf of the Defendant, 15 John Corp only.

6  It seems to me, Your Honor, based on that

7  consent, there was jurisdiction to enter the

8  judgment against 15 John Corp and the

9  Petition to Strike should be withdrawn as to

10  that Defendant only; however, if Your Honor

11  please, there was no consent to jurisdiction

12  signed by or on behalf of the other two

13  Defendants.

14      THE COURT:  Go ahead.

15      MR. DAMORE:  Your Honor, the basis of

16  our opposition to the Motion for Petition to

17  Strike is simply that Pennsylvania Courts

18  and courts around the country use forum

19  selection clauses which is exactly what is

20  in this case, the contract signed by the

21  parties has a forum selection clause which,

22  indeed, selects Philadelphia County and This

23  Court as the forum.

24      THE COURT:  I'm looking for that; but,

25  I'm not seeing it; show me where else

Case ID: 120200697
Control No.: 12023613

16-12453-mew    Doc 137-2    Filed 10/09/17    Entered 10/09/17 16:58:03    Exhibit Ex A
Amended Complaint    Pg 19 of 27
Case 2:15-cv-04966-JD    Document 30    Filed 12/07/15    Page 18 of 26
Case 1:14-cv-02793-VM    Document 14    Filed 05/16/14    Page 13 of 26

7

1    there's a clause like that. I have Credit

2    Application Agreement, 15 John Corp -

3         MR. DAMORE:  The next page -

4         MR. DICKMAN:  I've got a copy here

5    which the Defendant supplied to me, which

6    says Credit Application and Agreement - it's

7         THE COURT:  That's what I'm looking at;

8    but, I'm still not seeing it.

9         MR. DAMORE:  If you flip to the next

10    page, Your Honor -

11         THE COURT:  The next page, "credit

12    information trade represents -

13         MR. DAMORE:  Just above the signature

14    line -

15         MR. DICKMAN:  Where it says, "the

16    parties hereby agree" -

17         MR. DAMORE:  Line 6 or 7 -

18         MR. DICKMAN:  It's line 7, Your Honor.

19         THE COURT:  Read that to me.  I can't

20    see it.

21         MR. DAMORE:  I understand it's

22    difficult to read. Attached as Exhibit C is

23    my -

24         MR. DICKMAN:  It says here, Your Honor,

25    if I may, "The undersigned purchaser hereby

16-12453-mew    Doc 137-2    Filed 10/09/17    Entered 10/09/17 16:58:03    Exhibit Ex A
Amended Complaint    Pg 20 of 27
Case 2:15-cv-04906-JD    Document 30    Filed 12/07/15    Page 19 of 26
Case 1:14-cv-02793-VM    Document 14    Filed 05/16/14    Page 14 of 26

8

1    agrees and consents to the exclusive

2    jurisdiction of the County of Philadelphia,

3    Pennsylvania, relative to any claims arising

4    out of or relative to this agreement.

5        THE COURT:  And then it says,

6    "authorized signature"; is that supposed to

7    be signature - or what is that supposed to

8    be?

9        MR. DICKMAN:  I will stipulate that is

10    the signature of Mr. LaJaunie as an officer

11    of the applicant -

12        THE COURT:  They didn't fill in the

13    title.  "This will authorize you -

14        MR. DICKMAN:  On the first page, Judge,

15    it says corporate name, 15 John Corp; so,

16    it's' clearly not signed by him

17    individually.

18        THE COURT:  Here it is, I can see this

19    copy better - so, you're piercing the

20    corporate veil without a personal guarantee,

21    in absence of a personal guarantee; is that

22    correct.

23        MR. DAMORE:  Essentially, Your Honor,

24    since there's no personal guarantee signed

25    and filed, we would need to pierce the

Case ID: 120200697
Control No.: 12023613

16-12453-mew   Doc 137-2   Filed 10/09/17   Entered 10/09/17 16:58:03   Exhibit Ex A
Amended Complaint   Pg 21 of 27
Case 2:15-cv-04908-JD   Document 30   Filed 12/07/15   Page 20 of 26
Case 1:14-cv-02793-VM   Document 14   Filed 05/16/14   Page 15 of 26

9

1    corporate veil; you're correct; the elements

2    to show that would be fraud or something -

3    this is a judgment by default; if The Court

4    strikes the judgment, that would be our

5    burden to show.

6         THE COURT:  Do you have a docket on

7    this case, please; when was the Plaintiff

8    served; excuse me – the Defendants, when

9    were the Defendants served; they were sent a

10   Notice to Defend it looks like; who is HLHN

11   Group?

12        MR. DICKMAN:  That's one of the three

13   Defendants, Your Honor.

14        THE COURT:  So, you don't have any

15   documentation of any kind of contract with

16   that group?

17        MR. DAMORE:  No, I don't; all I have is

18   that that appears to be some other parent

19   group that owns 15 John Corp.

20        MR. DICKMAN:  It's my understanding,

21   Your Honor, that these are two separate

22   corporations.

23        THE COURT:  Do you have a signed

24   contract with that group?

25        MR. DAMORE:  No, Your Honor.

16-12453-mew    Doc 137-2    Filed 10/09/17    Entered 10/09/17 16:58:03    Exhibit Ex A
Amended Complaint    Pg 22 of 27
Case 2:15-cv-04968-JD    Document 30    Filed 12/07/15    Page 21 of 26
Case 1:14-cv-02793-VM    Document 14    Filed 05/16/14    Page 16 of 26

10

1        THE COURT:  What about Phillip

2    LaJaunie; do you have a signed contract with

3    him?

4        MR. DAMORE:  No personal guarantees

5    signed by him.

6        THE COURT:  Who is Les Halles?

7        MR. DICKMAN:  That's the fictitious

8    name used by 15 John Corp at its restaurant

9    in Washington, D. C., Your Honor, and that's

10    where the goods were delivered.

11        THE COURT:  Okay.  Then you have A/K/A

12    Lemarais Group Corporation; who is that?

13    Where did you get that name?

14        MR. DAMORE:  That name came up as being

15    related in some way to Les Halles LHLM

16    Group; but, I can concede that's not at all

17    listed on this Credit Application and

18    Agreement.

19        THE COURT:  Corporate Officers --

20    President, Philippe -- it says sole officer.

21    Let me see the top where it indicates - if

22    that's -

23        CLERK:  Everything highlighted are the

24    Defendants.

25        THE COURT:  Mr. Dickman has entered his

Case ID: 120200697
Control No.: 12023613

16-12453-mew    Doc 137-2    Filed 10/09/17    Entered 10/09/17 16:58:03    Exhibit Ex A
Amended Complaint    Pg 23 of 27
Case 2:15-cv-04966-JD    Document 30    Filed 12/07/15    Page 22 of 26
Case 1:14-cv-02793-VM    Document 14    Filed 05/16/14    Page 17 of 26

11

1    appearance now.  I'm going to grant the

2    agreement to everybody except 15 John Corp,

3    A/K/A doing business, trading as A/K/A Les

4    Halles Restaurant and I don't where this

5    LeMarais came from; but, I'm not going to

6    put that in there and Phillip LaJaunie, who

7    is apparently the sole officer and

8    President.

9        MR. DICKMAN:  If I may, Your Honor, I

10    fail to see the basis of jurisdiction

11    against Mr. LaJaunie; he clearly signed as a

12    corporate officer only; if you look at this

13    Credit Application and Agreement, the

14    corporate name of the person that the

15    Plaintiff is doing business with is 15 John

16    Corp; LaJaunie is authorized signature for

17    that corporation; just because he is the

18    sole officer of that corporation would not

19    expose him to personal liability.  Indeed,

20    Your Honor, I practice in a corporate name

21    just so I won't be responsible for the trade

22    debts of my personal corporation although I

23    am responsible for malpractice claims and

24    things of that nature.  If Your Honor would

25    find that Mr. LaJaunie consented to

16-12453-mew    Doc 137-2    Filed 10/09/17    Entered 10/09/17 16:58:03    Exhibit Ex A
Amended Complaint    Pg 24 of 27
Case 2:15-cv-04966-JD    Document 30    Filed 12/07/15    Page 23 of 26
Case 1:14-cv-02793-VM    Document 14    Filed 05/16/14    Page 18 of 26

12

1    jurisdiction on the basis of signing

2    something on behalf of the corporation, Your

3    Honor, would, for lack of a better phrase,

4    pierce the corporate veil for every closely

5    held corporation and I don't think that's

6    what the law intends and I don't think

7    that's what was intended to be done by Mr.

8    LaJaunie when he signed this consent on

9    behalf of 15 John Corp in this case.

10    THE COURT:    What's your response to

11    that?

12    MR. DAMORE:    Your Honor, Mr. LaJaunie

13    is the sole officer of this 15 John Corp, he

14    signed the agreement; he received the

15    benefit of the products that were provided

16    to 15 John Corp by virtue of the fact that

17    he's the owner; he's receiving the profits –

18    he's the recipient of whatever monies come

19    in from this restaurant and he failed to pay

20    the trade creditors of 15 John Corp.

21    MR. DICKMAN:    With all due respect,

22    Judge; that's a strange argument –

23    THE COURT:    "The undersigned purchaser

24    agrees to pay in the event it becomes

25    delinquent and is turned over to a

Case ID: 120200697

Control No.: 12023613

16-12453-mew    Doc 137-2    Filed 10/09/17    Entered 10/09/17 16:58:03    Exhibit Ex A
Case 2:15-cv-04966-JD    Document 30    Filed 10/07/15    Page 24 of 26
Amended Complaint    Pg 25 of 27
Case 1:14-cv-02793-VM    Document 14    Filed 05/16/14    Page 19 of 26

13

1    collection agency/attorney for collection

2    fees equal to one third –

3        MR. DICKMAN:  That's signed on behalf

4    of the corporation, Judge.  If Your Honor

5    holds Mr. LaJaunie individually liable on

6    the basis that he owns the corporation then

7    I'm individually liable on the lease I've

8    just recently signed for my new office,

9    which I signed in the corporate name.  I'm

10   the sole stockholder, sole officer.  I don't

11   have personal liability and neither does Mr.

12   LaJaunie.

13       THE COURT:  Well, what perplexes me is

14   that the title wasn't filled in on the

15   bottom – "information regarding my bank

16   account" – I don't know if that's supposed

17   to be a signature on top of that – so, a

18   copy of the complaint you handed to me or is

19   this the one you printed out, John?  Wait a

20   minute – all right; anything else to say?

21       MR. DICKMAN:  No, Your Honor.

22       MR. DAMORE:  No, Your Honor.

23       THE COURT:  Back to the service on the

24   Defendants – of the complaint –

25       MR. DAMORE:  The Affidavit of Service

Case ID: 120200697
Control No.: 12023613

16-12453-mew    Doc 137-2    Filed 10/09/17    Entered 10/09/17 16:58:03    Exhibit Ex A
Case 2:15-cv-04936-GW-AFM   Amended Complaint   Filed 02/03/15   Page 25 of 26
Case 1:14-cv-02793-VM   Document 14   Filed 05/16/14   Page 20 of 26

14

1   is by mail, Your Honor.

2        THE COURT:  Let me see that.  I see 15

3   John Corp.  I'm looking for the other

4   Defendants.  Your argument that you don't

5   have jurisdiction over Philippe doesn't

6   really apply in the case of a default

7   judgment.

8        MR. DICKMAN:  Your Honor, I have cases

9   here –

10       THE COURT:  Why didn't Mr. Philippe

11   show up?

12       MR. DICKMAN:  Because he didn't have to

13   because The Court didn't have jurisdiction

14   over him, Your Honor.

15       THE COURT:  No, I'm not buying that; he

16   was served.

17       MR. DICKMAN:  May I cite to Your Honor

18   – service does not confer jurisdiction.  I

19   will cite to The Court the cases which were

20   cited by Judge Moss in the rule allowing the

21   Petition bringing us here today.

22   Insolations, Inc. versus Journeyman Welding

23   —

24       THE COURT:  Let me see it.

25       MR. DICKMAN:  —— 700a 2nd 530, in which

Case ID: 120200697
Control No.: 12023613

16-12453-mew   Doc 137-2   Filed 10/09/17   Entered 10/09/17 16:58:03   Exhibit Ex A
Case 2:15-cv-04906-JD Amended Complaint Pg 27 of 27 5   Page 26 of 26
Case 1:14-cv-02793-VM   Document 14   Filed 05/16/14   Page 21 of 26

15

1   the Superior Court said, "The contract at

2   issue here was negotiated entirely from the

3   facts; this was a simple one-time purchase

4   with goods to be shipped to" -- in that

5   case, Michigan and the "course of dealing

6   between the parties bespoke a relationship

7   akin to an ordinary telephone order of

8   merchandise." The Superior Court held that

9   was not enough to confer jurisdiction in the

10  courts of Pennsylvania; that's exactly the

11  case we have here -

12      THE COURT: That's your position, but,

13  you don't have anybody here to testifying

14  that it was a telephone order.

15      MR. DICKMAN: That's what the documents

16  attached to the Statement of Claim show that

17  it was a one-time deal; there are phone

18  numbers written on here; the exhibits to

19  Statement of Claim show that the goods were

20  shipped to Washington, D. C. The only thing

21  that was done in Philadelphia was the

22  placing of the order. I would cite to Your

23  Honor two additional cases if I might.

24  United Employment versus Coast Iron and

25  Steel, 2003 Westlaw, 25906990; it's a 2003

Case ID: 120200697
Control No.: 12023613