UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

IN RE:

    15 JOHN CORP.,
    a/k/a LES HALLES,
    a/k/a FIRST ADMIN, INC.

Chapter 11

Case No. 16-12453 (MEW)

    Debtor.

------------------------------------------------------------------x

### AFFIDAVIT IN SUPPORT OF SALDUTTI LAW GROUP AND ROBERT L. SALDUTTI'S MOTION GRANTING RELIEF FROM THE AUTOMATIC STAY

STATE OF NEW JERSEY  )
                              ) s.s.:
COUNTY OF CAMDEN    )

ROBERT L. SALDUTTI, being duly sworn, deposes and says:

1.    I am a partner in the law firm of Saldutti Law Group and an individual with a business address in Cherry Hill, New Jersey (collectively "Saldutti"). As such, I am fully familiar with the matters set forth below and base this affidavit upon the books, records and documentation maintained in the ordinary course of business by Saldutti relating to the matters which are the subject of the above-captioned action. This affidavit is true to my own knowledge, except as to those matters stated upon information and belief, and as to those matters I believe them to be true based upon my review of documents and information contained in the Saldutti files for this matter.

2.    I make this affidavit in support of Saldutti's instant motion which seeks an Order: (i) granting Saldutti relief from the automatic stay pursuant to 11 U.S.C. § 362(a) as against non-

1

debtor Philippe Lajaunie ("Lajaunie"); and (ii) granting Saldutti Law Group and Robert L. Saldutti such further relief as the Court may deem proper.

## The Bankruptcy Case

3.     On August 25, 2016, the debtor, 15 John Corp., a/k/a Les Halles, a/k/a First Admin. Inc. the (the "Debtor"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

## The Underlying Saldutti Action

4.     On or about May 14, 2010, Saldutti filed a Statement of Claim on behalf of its client, Samuels And Son Seafood Co., Inc. ("Samuels") in the Philadelphia Municipal Court against Lajaunie and the Debtor for their failure to pay outstanding invoices.

5.     As a result of Lajaunie and the Debtor's failure to answer the Statement of Claim or otherwise appear, on or about June 29, 2010, Saldutti's client Samuels was awarded default judgment against Lajaunie and the Debtor by the Municipal Court. Subsequent Court filings by Lajaunie and the Debtor to vacate the default judgment, including an appeal with the Philadelphia Court of Common Pleas, was denied by the Court.

6.     At no time did Lajaunie and the Debtor allege that the default judgment awarded to Saldutti's client Samuels was obtained through fraud.

7.     On or about March 3, 2014, Lajaunie and the Debtor filed an action against Saldutti and Samuels in the Supreme Court of the State of New York, New York County under Index Number 650715/2014 (the "New York Action"). The Complaint alleged for the first time, and almost four years after the default judgment had been rendered against Lajaunie and the Debtor, that the default judgment procured by Saldutti had been fraudulently obtained. A true

copy of the Summons and Complaint filed in the New York Action is annexed hereto as Exhibit "E."

8. On or about April 17, 2014, Lajaunie and the Debtor removed the New York Action to the U.S. District Court for the Southern District of New York (the "SDNY Case"). On or about July 11, 2014, Saldutti and Samuels filed a joint motion to dismiss the SDNY Case which motion was granted on December 12, 2014.

9. On or about January 12, 2015, Lajaunie and the Debtor filed an appeal of the dismissal of the SDNY Case with the United States Court of Appeal for the Second Circuit. By Summary Order dated August 25, 2015, the Court vacated the dismissal and instructed the District Court to remand the case to the Supreme Court of New York. On remand, the Supreme Court of New York dismissed the New York Action on November 23, 2015. A true copy of the Decision/Order dated November 23, 2015 is annexed hereto as Exhibit "F."

10. On or about August 10, 2015, Saldutti commenced an action for damages in the Philadelphia County Court of Common Pleas against Lajaunie and the Debtor (the "Saldutti Action") alleging abuse of civil process and malicious prosecution by Lajaunie and the Debtor for having engaged in frivolous litigation against Saldutti. (See, Jacobs Aff., Ex. "A").

11. On or about September 3, 2015, Lajaunie and the Debtor filed a Notice of Removal to the Eastern District of Pennsylvania, which remanded the case back to the Philadelphia County Court for lack of subject matter jurisdiction on March 2, 2016. Lajaunie and the Debtor subsequently filed preliminary objections to the removal of that case, which the Court overruled. Lajaunie and the Debtor filed an Answer in the Saldutti Action on September 16, 2016.

12. As a result of the Debtor's instant Chapter 11 filing, the Saldutti Action was placed on deferred status by the Philadelphia County Court of Common Pleas. On January 30, 2017, Saldutti filed a motion with the Philadelphia County Court of Common Pleas to remove the case from the deferred status on the ground that the Chapter 11 automatic stay applied to the Debtor only and not to the co-obligor Lajaunie except under extraordinary circumstances. By Order filed February 21, 2017, the Court denied Saldutti's motion and the Saldutti Action remains on deferred status. (See, Jacobs Aff., Ex. "D").

13. As demonstrated in the annexed Affirmation of Counsel, Lajaunie is solvent and has advanced funds to the Debtor, including the retainer fee required by the Debtor's counsel. I am informed by counsel that by Order entered on August 8, 2017, the Court denied the Debtor's motion to approve its Disclosure Statement and Plan as moot and that a Status Conference is now scheduled in October at which time the Court may convert the Debtor's instant Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code.

14. There can be no dispute that Lajaunie is solvent, has the financial means to defend himself in the Saldutti Action and any determination made or judgment rendered in that case will not have a material impact on this proceeding, and thus Lajaunie should not be shielded by the automatic stay. It is clear that absent on Order from this Court granting Saldutti relief from the automatic stay as to Lajaunie, the Saldutti Action will remain on deferred status with the Philadelphia County Court of Common Pleas, to the detriment of Saldutti.

## Conclusion

15. For all the reasons set forth herein and in the supporting Affirmation of Counsel, it is respectfully submitted that the Court should enter an Order granting Saldutti Law Group and Robert L. Saldutti relief from the automatic stay in order to permit Saldutti Law Group and

Robert L. Saldutti to prosecute the Saldutti Action as against non-debtor Philippe Lajaunie, and for such other and further relief as this Court deems just and proper.

_____
Robert L. Saldutti

Sworn to before me this
___3___ day of October, 2017

_____
Notary Public

MARCIE ANNE BURRUEZO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 2/25/2018

Saldutti Counsel Aff(2) 10.17 ds