**EXHIBIT F**

16-12453-mew    Doc 137-8    Filed 10/09/17    Entered 10/09/17 16:58:03    Exhibit Ex-
Decision/Order    Pg 2 of 8

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    CYNTHIA S. KERN    PART _____
            _____
                    *Justice*

| | |
|---|---|
| Index Number : 650715/2014 | INDEX NO. _____ |
| LAJAUNIE, PHILIPPE | |
| vs. | MOTION DATE _____ |
| SAMUELS AND SON SEAFOOD CO., | |
| SEQUENCE NUMBER : 002 | MOTION SEQ. NO. _____ |
| DISMISS | |

The following papers, numbered 1 to _____ , were read on this motion to/for _____

Notice of Motion/Order to Show Cause — Affidavits — Exhibits  _____ | No(s). _____

Answering Affidavits — Exhibits  _____ | No(s). _____

Replying Affidavits  _____ | No(s). _____

Upon the foregoing papers, it is ordered that this motion is

is decided in accordance with the annexed decision.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE _____
FOR THE FOLLOWING REASON(S):

Dated:  11/23/15                                          _____, J.S.C.
                                          CYNTHIA S. KERN
                                                J.S.C.

1. CHECK ONE: ................................................. ☒ CASE DISPOSED        ☐ NON-FINAL DISPOSITION

2. CHECK AS APPROPRIATE: ...........................MOTION IS: ☐ GRANTED  ☐ DENIED  ☐ GRANTED IN PART  ☐ OTHER

3. CHECK IF APPROPRIATE: ................................................. ☐ SETTLE ORDER        ☐ SUBMIT ORDER

                                          ☐ DO NOT POST  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: Part 55
----------------------------------------------------------------------X
PHILIPPE LAJAUNIE AND 15 JOHN CORP.,

                                            Plaintiffs,

        -against-

SAMUELS AND SON SEAFOOD CO, INC, SALDUTTI
LLC AND ROBERT SALDUTTI,

                                      Defendants.
----------------------------------------------------------------------X

Index No. 650715/2014

**DECISION/ORDER**

**HON. CYNTHIA KERN, J.S.C.**
<u>**Recitation, as required by CPLR 2219(a), of the papers considered in the review of this**</u>
motion for: _____

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed..................................... | 1, 2 |
| Affidavits in Opposition.................…................................ | 3, 4 |
| Replying Affidavits................................................................... | 5, 6 |
| Exhibits.................................................................................... | 7 |

     Plaintiffs Philippe Lajaunie and 15 John Corp. have commenced the present action

against defendants Samuels and Son Seafood Co., Inc. ("Samuels") and Saldutti LLC and Robert

Saldutti (the "Saldutti defendants") alleging that these defendants obtained a "fraudulent

judgment" against plaintiffs in Philadelphia municipal court. Samuels and the Saldutti

defendants have each brought motions to dismiss the action as against them and Samuels also

seeks sanctions. As will be explained more fully below, both of the motions to dismiss are

granted but the request for sanctions is denied.

     The claims that plaintiffs assert against defendants in this action stem from a prior

litigation that defendant Samuels commenced against plaintiffs in the Philadelphia Municipal

1

Court which was filed in 2010 (the "Samuels Action"). In the Samuels Action, Samuels who was represented by Robert Saldutti, brought an action in the amount of $5015.57 for goods sold. In June 2010 the Philadelphia Municipal Court entered a default judgment against plaintiffs in the total sum of $6759.71. Plaintiffs subsequently petitioned to strike the default judgment. That petition was denied in January 2012 after a hearing was held in Municipal Court. The plaintiffs then appealed to the appellate court, which denied plaintiffs' appeal.

In the present action, the plaintiffs seek to recover damages based on the allegedly fraudulent conduct of defendants in obtaining the judgment against plaintiffs in the action before the Philadelphia Municipal Court. According to plaintiffs, Samuels sold the goods for which it was seeking recovery in the Philadelphia action to a Washington DC restaurant known as Les Halles Washington LLC which was a separate entity from plaintiff 15 John Corp., which was a New York corporation doing business under the name Les Halles and also a customer of Samuels. Plaintiffs allege that defendants knew at all times that 15 John Corp. was a separate and distinct entity from Les Halles Washington LLC, were aware that 15 John Corp. had fully paid all amounts it owed to Samuels and intentionally deceived the Municipal Court in seeking a judgment against 15 John Corp. when in fact any money due was actually from Les Halles Washington LLC. Plaintiffs also claim that defendants intentionally deceived the Philadelphia Municipal Court by using Lajaunie's personal guaranty of 15 John Corp. for amounts owed by Les Halles Washington LLC. Plaintiffs allege that their credit rating has been damaged as a result of the alleged fraudulent conduct.

After plaintiffs commenced the present action in state court, seeking damages for the alleged fraudulent conduct of defendants in obtaining the judgment in Philadelphia, defendants

2

removed this case to federal court. The Federal Court dismissed the case for lack of subject matter jurisdiction. Plaintiffs then appealed that determination to the Second Circuit which upheld the dismissal of the action but stated that the case should be remanded to state court.

In the Federal Court decision dismissing this action, the court specifically found that the plaintiffs in this case had ample opportunity to raise the claims they are asserting in this action before the state court in Philadelphia by moving to reopen the judgment. The Federal Court noted that despite having moved to vacate the default judgment in Philadelphia, plaintiffs did not raise the issue of fraud in the Philadelphia court. The court also noted that under Pennsylvania law, litigants have the right to set aside judgments based on fraud, citing to *Gazzam v. Reading*, 202 PA.231 (1902). Finally the court noted that by seeking to attack the fraud in Federal Court instead, plaintiffs' claim "seeks in affect to set aside the state court order."

In the present action, the court finds that this action must be dismissed as against all defendants on the ground that plaintiffs' remedy if they believe that fraud has been committed in obtaining the judgment in Philadelphia is to move to set aside the Philadelphia judgment on the ground of fraud rather than pursue this collateral attack on the judgment in New York. "Generally, a party who has lost a case as a result of alleged fraud or false testimony cannot collaterally attack the judgment in a separate action for damages against the party who adduced the false evidence, and the plaintiff's remedy lies exclusively in moving to vacate the default judgment." *Specialized Indus. Servs. Corp. v. Carter*, 68 A.D.3d 750, 751-752 (2d Dept 2009). *See also St Clement v. Londa*, 8 A.D. 3d 89 (1st Dept 2004) ("The remedy for fraud allegedly committed during the course of a legal proceeding must be exercised in that lawsuit by moving to vacate the civil judgment"); *Rakosi v. Perla Assoc.*, 3 A.D. 3d 431 (1st Dept 2004) (movant

3

cannot bring a new action as a collateral attack upon a prior judgment as remedy is to move to vacate the judgment in the underlying action). "Under an exception to that rule, a separate lawsuit may be brought where the alleged perjury or fraud in the underlying action was 'merely a means to the accomplishment of a larger fraudulent scheme'... 'which was greater in scope than the issues determined in the prior proceeding.'" *Id. See also New York City Tr. Auth. v. Morris J. Eisen, P.C.,* 276 A.D.2d 78, 88 (1st Dept 2000) ("an exception exists where the perjury is a means for the accomplishment of a larger fraudulent scheme.")

In the present case, the action must be dismissed as plaintiffs' remedy for the defendants' alleged fraud in obtaining the default judgment and preventing plaintiffs from vacating the default judgment is to move to vacate the default judgment in Philadelphia on the ground of fraud. However, they are not entitled to bring the present action in a New York state court to collaterally attack the judgment that was entered by the Philadelphia court. Moreover, plaintiffs have failed to allege any larger fraudulent scheme which would fit within the exception to the rule against collateral attack.

The court also finds that this action must be dismissed on the ground that it is barred by res judicata. The doctrine of res judicata "provides that as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action." *Singleton Mgt. v. Compere,* 243 A.D.2d 213, 215 (1st Dept 1998). This doctrine is applied "when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first." *Id.*

4

In the present case, plaintiffs' claim that the defendants engaged in fraudulent conduct when they initially obtained the default judgment and when they prevented plaintiffs from being successful in vacating the default judgment are all claims that could have been brought in the Philadelphia action.  When plaintiffs moved to vacate the default judgment obtained against them in Philadelphia, they could have raised the same arguments they are raising in the present action regarding the defendants' fraudulent misrepresentations—that defendants knew when they obtained the default judgment that 15 John Corp. was a separate and distinct entity from Les Halles Washington LLC, that defendants were aware that 15 John Corp. had fully paid all amounts it owed to Samuels and intentionally deceived the Municipal Court in seeking a judgment against 15 John Corp. when in fact any money due was actually from Les Halles Washington LLC and that defendants intentionally deceived the Philadelphia Municipal Court by using Lajaunie's personal guaranty of 15 John Corp. for amounts owed by Les Halles Washington LLC.  However, as the Federal Court has already noted, plaintiffs chose not to raise the issue of defendants' fraudulent conduct in moving to set aside the default judgment in Philadelphia and they are now precluded from doing so as they could have raised this claim in the prior proceeding.

Plaintiff's argument that the doctrine of res judicata does not apply to the instant case because plaintiffs are not seeking to vacate the default judgment but are instead seeking damages for fraud in procuring the judgment is without merit.  Plaintiffs could have made the same exact arguments they are making in this case with respect to defendants' fraud when they moved to vacate the default judgment.  It is their failure to raise these arguments in the prior proceeding

5

which bars them from raising them now as they are claims which could have been raised in the prior proceeding.

Based on this court's determination dismissing the action against all defendants, the court need not reach any of the other arguments raised by defendants in support of the motion to dismiss. Based on the foregoing, the action is dismissed in its entirety against all defendants. However, the request for sanctions is denied as defendants have failed to establish that the conduct of plaintiffs in commencing this action rose to the level which warrants sanctions. The foregoing constitutes the decision, order and judgment of the court.

Dated: 11/23/15

Enter: _____

J.S.C.

CYNTHIA S. KERN
J.S.C

6