**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------X

**IN RE:**                                                                       Case No.: 16-12453

                                                                                 **Chapter 7 Liquidation**

**15 JOHN CORP.,**

**a/k/a LES HALLES**

**a/k/a FIRST ADMIN INC.**

                          **Debtor.**

-------------------------------------------------X

Philip Lajaunie

Principal of the Debtor

411 Park Ave South, Apt. #3D

New York, NY 10016

(917) 771-0727

To the Court:

The undersigned, Philip Lajaunie, is the Debtor's Principal.

I respectfully request a continuation of the Hearing scheduled for Wednesday, February 21, 2018. We will see below, and through various Exhibits, how Mr. Leo Fox, the attorney for the Debtor, has maneuvered to prevent me from appearing at the Hearing.

For professional reasons, I was traveling abroad from Saturday January 20, 2018, until Wednesday, February 14, 2018 (about 9 pm). For additional professional reasons, I must travel to my town of residence in Jackson, Wyoming on Saturday February 17, until March 29, 2018.

In one of the matters I am dealing with, a trial by Jury was scheduled in Cody, WY, the whole week of March 26, 2018. Additionally, I must twice travel from Wyoming to Chicago, IL for a Court Conference on March 15, and a Status Hearing, on March 28. This other matter is one that Mr. Fox has neglected during the Debtor's Chapter 11 procedure, while still refusing to even give me all documents filed in that matter, in the Illinois Court.

Mr. Fox has long been made aware that I could not be in New York City until the week of April 2. I also may have a Court Hearing in New York City on April 4, in yet another matter.

The trial in Cody, WY has now been continued to July, and I have offered Mr. Fox to continue the Hearing before this Court to Thursday March 29, or Friday March 30. Mr. Fox, however, claims that he "will be travelling on Thursday March 29, and Friday March 30, 2018 in connection with the Passover Holiday". Mr. Fox is also unavailable for religious reasons the week of April 2, until March 7, 2018. (Exhibit A)

I had warned Mr. Fox of all my obligations, and to work with me to find a mutually acceptable date. Instead, Mr. Fox used the information provided to him to, in fact, schedule a Hearing exactly when I could not appear. (Exhibit A)

At this stage, and because of all the lost opportunities to agree on a Hearing date, it appears that the week of April 16, 2018 may be the first one mutually convenient.

My presence at the Hearing has been rendered essential because of the grave matters which will be considered, in opposition to Mr. Fox' Fees Application. The following items are a sample:

At our initial meeting, Mr. Fox budgeted his fees at $30,000. Mr. Fox convinced me to file for Chapter 11 to corral a series of matters which included various financial debts, as well as a Class Action Claim. The plan was to bring all parties to the negotiation table, and have them share "the available pie", by using my remaining restaurant's revenue and profits, as well as personal cash, and the sale of a real estate asset. Filing for Chapter 11 in August would enable the use the traditionally profitable Fourth Quarter to finalize an agreement, and end the Chapter 11 procedure by year's end.

However, Mr. Fox quickly withdrew from negotiating with the Class, and forced me to hire an additional law firm (Golenbock, Eiseman, Assor, Bell & Peskoe) to do so. The cost of this firm has been over $120,000, of which only half has been paid, using personal money that I had placed with Mr. Fox' escrow account to protect it from creditors. However, Mr. Fox refused to use this fund entirely to pay Golenbock as directed, and is still holding, despite my innumerable requests, the sum of $4,850, with no legitimate reason. However, Mr. Fox, in numerous occasions, was using the Golenbock firm as an information center, and to seek directions for his own work before this Court. Mr. Fox also continuously involved the Golenbock firm in the most insignificant correspondence (raising many protests even from Golenbock), furthering the unstainable billing to me. That firm then shut me down, leaving me to deal with the Class directly, Pro se.

In the last month of 2016, Mr. Fox slowed down the procedure, and continued the Chapter 11 process into 2017, despite my repeated warnings that the simple economic cycle of the restaurant business would prevent finalizing the Plan, by missing the year end profits.

Mr. Fox's fees, however, accelerated and suddenly tripled, despite no work output, and certainly no progress for the Plan. The Court has been the witness, and because of the useless Appearances, the additional victim of Mr. Fox' sloppy and vacuous work.

In regards to the Class, Mr. Fox' contention that we could not finalize the Plan and the Disclosure Statement because there was no agreement with the Class does not hold, since this was, precisely, the purpose of both documents; the numbers in fact had been calculated to satisfy the Class' demands, as well as the other creditors.

It is to be noted that, once Mr. Fox maneuvered to continue the process into 2017, he himself changed the Plan's initial disbursements to appropriate more money for himself.

An important personal contribution to the Plan was a condominium that I used to own in Colorado. Since I could not afford to pay for the mortgage and related expenses anymore, I kept asking Mr. Fox for directions: "should I sell fast, even at a lower price, or wait longer, and sell at a higher price?" (to provide more money to the Plan's down payment). Mr. Fox never responded, and I ended up having to borrow money against the condo to pay for the expenses. Months later, having to sell at a "fire sale", practically no proceeds were left over.

After many months of haphazard activity, Mr. Fox lost the lease of the restaurant to the landlord. I had not been warned of that Hearing, and had not been prepared by Mr. Fox. In fact, Mr. Fox himself was not prepared, and could not even line up exhibits properly.

For the Chapter 7 procedure, Mr. Fox did not prepare the documents properly (the Final Report and the Statement of Expenses are still not finalized, nor have been signed by me), and did not prepare me for the Hearing with the US Trustee. Mr. Fox could not find a date at which we could both appear in person. Moreover, Mr. Fox did not even give the US Trustee the information to join the Hearing conference call, further delaying the final Hearing.

Since the Hearing, Mr. Fox refused to let me know the status of the Chapter 7 procedure. I found the Order Of Final Decree (dated January 19, 2018), in the Debtor's P.O. Box this morning. However, Mr. Fox filed a Motion to reopen the case, still without informing me of why. (Exhibit B and C)

It is my opinion that Mr. Fox voluntarily delayed the Chapter 11 process for the opportunity to bill exorbitant fees, perhaps intentionally neglecting that the very delays would suppress the restaurant's chances to come out of the procedure, and pay its debts according to the Plan. The additional consequence is to expose me, personally, to all claims from the various creditors.

In the meantime, despite the lack of work, Mr. Fox' bill reached over $150,000, five times his own original commitment.

I respectfully request from the Court a continuation of the Hearing to a mutually agreeable date, so I would be able to prepare adequately, and furnish the enormous amount of exhibits to properly argue my presentation to the Court.

Dated: New York, New York

Thursday, February 15, 2018

        Respectfully Yours,

        Philip Lajaunie, Principal of the Debtor

By: *[signature]*

Philip Lajaunie

411 Park Ave South, apt. #3D

New York, NY 10016

PL@FirstAdminInc.com

(917) 771-0727