Honorable Michael E. Wiles

United states Bankruptcy Judge

United States Bankruptcy Court

One Bowling Green

New York, NY 10004-1408


Re:   15 John Corp

Case No. 16-12453 (MEW)


Philip Lajaunie

411 Park Ave South, Apt. #3D

New York, NY 10016

(917) 771-0727

PL@FirstAdminInc.com


Friday, February 16, 2018


Dear Judge Wiles,

Following Mr. Fox' various correspondence, as we have still not come to an agreement to determine a mutually convenient date, I respectfully would like to submit the following:

Mr. Fox selected the date of February 21 unilaterally, despite all the information I had given him that I could not be in New York City for the entire period of February 17 until March 29, 2018.

I do have a part time job in Wyoming, and I am also attending weekly classes and going through regular professional tests and exams in order to improve my position and pay rate. In the same period, I will have to attend two Court-scheduled Hearings in Chicago, IL, (two different trips). I also have to appear before a Court in Cody, WY, as well as being deposed also in Cody, WY, at another date. Cody is a six hour drive from Jackson.

I cannot be in New York City until March 29. Should the Hearing that is scheduled in Chicago on March 28 be continued or cancelled (as it is possible), that date would also be available.

Lastly, the very cost of unplanned trips has become simply prohibitive to me, especially when Mr. Fox is still holding $4,850 of my personal money with no legitimate reasons, and despite my dozens of requests. For reference, (if I could do it) an online search shows the cost of the round trip to attend the February 21 Hearing to be above $1,000.

In his correspondence, Mr. Fox is mentioning one of my email dated December 7, 2017 to the US Trustee and Mr. Fox, when we were trying to find a date for the Chapter 7 Hearing, I did mention the dates of February 22 and 23 to be available, at the time. However, a Hearing that was scheduled in New York City on February 21, 2018 in another matter has been continued by the Court to March 20, because of a change of Judge. I have made an Application to continue that date to April 4, as it falls during a period of work. So February 22 and 23 have not been an option since.

I understand from Ms. Eisenberg that the Court would kindly allow me to appear by phone, but I would like to respectfully submit that being given the enormity and difficulty of the matter at hand, the amount of money involved, as well as the sheer volume of documents to be produced, and the witnesses I need to introduce, it would be highly impractical, and detrimental to me. Moreover, I fear that I would be at a greater disadvantage against Mr. Fox, a lawyer with an intimate knowledge of the bankruptcy Courts proceedings.

As much as I understand the Court's desire to end this matter promptly, in light of Mr. Fox not hesitating to pick dates comfortably clear of his holidays, and extended family travel, I would respectfully submit that my circumstances are much direr than Mr. Fox', and in large part because of his doing. I do believe I deserve a fair Hearing on this matter, and I can only appeal to the Court's sense of judicial fairness in granting a date which will be mutually available to the Court, Mr. Fox and me. Being given my obligations, and Mr. Fox' Holiday travels, I hereby propose to continue this Hearing to the week of Mr. Fox' return, April 9, or April 16.

The Court's continuous understanding in this delicate and unusual matter is deeply appreciated

Respectfully Yours,

Philip Lajaunie

Principal of Debtor 15 John Corp