**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

| | |
|---|---|
| **IN RE:** | **Case No.: 16-12453** |
| | **Chapter 7** |

**15 JOHN CORP.,**

**a/k/a LES HALLES,**

**a/k/a FIRST ADMIN INC.,**

                **Debtor.**

-------------------------------------------------------X

## DEBTOR'S OPPOSITION TO LEO FOX' APPLICATION FOR LEGAL FEES

Debtor, by its President and Principal, Philip Lajaunie, opposes Debtor's Lawyer's Application for legal fees.

Debtor opposes Mr. Fox' hourly rate, $450, which is similar to that of lawyers with true experience in business bankruptcy. That hourly rate is also similar to lawyers with fully staffed offices, enabling immediate research, and prompt responses, as well as the ability to address several entities in bankruptcy. Despite his representations to me, Mr. Fox presented no knowledge of the business world, especially restaurants, including the most basic understanding of businesses' financials, investment cycles, ROI, and staffing challenges. Mr. Fox' small office has overwhelmed and unresponsive, leading to an over-extended procedure, and the closing of the Debtor's restaurant.

Debtor opposes Mr. Fox' billing as voluntarily inflated, by keeping the Chapter 11 procedure running away from a prompt resolution. It was understood between Mr. Fox and me, that the Debtor would emerge from the Chapter 11 Procedure by the end of December 2016, while the business could provide maximum cash during 2016' Q4, and use 2017's Q1 as a solid business foundation to rebuild. Instead, the continued procedure, maintained by Mr. Fox' unresponsiveness among many reasons, prevented the business from accessing better staff and suppliers, leading to its progressive agony, and death. Debtor believes that Mr. Fox has been grossly negligent, or willfully disruptive, for his own motives to inflate billing. Despite my repeated warnings that this agony would be irreversible, Mr. Fox made no effort to conclude the Chapter 11 procedure, leading to the restaurant closing.

Debtor opposes Mr. Fox' billing, as most of it was dedicated to endlessly repetitive emailing, due to Mr. Fox' structural disorganization, lack of knowledge (including how to keep emailing

efficient), forgetfulness, and possible incompetence. Even the Chapter 7 Procedure was not completed with executed documents.

Debtor opposes Mr. Fox' billing, as despite his representations, Mr. Fox was unable to negotiate with the Debtor's largest creditor, the Class Action, and Debtor had to hire another law firm: Golenbock. This additional billing is greater than $100,000 in legal fees, which diminished the cash available for the contemplated Cash Contribution.

Debtor opposes Mr. Fox' billing because a large portion thereof is due to Mr. Fox's own correspondence with Golenbock, when Mr. Fox was unable to finalize the Plan and Disclosure Statement, and was seeking continuous advice and guidance from Golenbock, including for Bankruptcy matters.

Debtor opposes Mr. Fox's billing, because it is five times his own estimate, not including Golenbock's billing. Mr. Fox' own correspondence will show that Mr. Fox tried to camouflage his inflated billing through voluntarily opaque and shifting statements, and endless misrepresentations, and repeated false calculations.

I, personally, oppose Mr. Fox' Application for Fees because I believe that I have lost my last restaurant due to Mr. Fox' direct actions, including what may have been voluntarily lack of action.

I, personally, oppose Mr. Fox' Application for Fees because of Mr. Fox' refusal to advise me on the timing of the sale of my condominium in Colorado, which led to a fire sale, and a near complete loss of net cash.

Moreover, Mr. Fox is still holding my personal money, which had been placed in escrow with Mr. Fox to create a fund destined to the Plan's Cash Contribution. I have repeatedly requested this money to be sent back to me, but Mr. Fox has refused to do so, for over a year. I have warned Mr. Fox that this fund will be reclaimed in a legal proceeding if necessary, and that the customary interest rate generally applied in Courts (up to 12%) is being applied, and compounded to the fund's principal.

At the Hearing for Mr. Fox' fees, Debtor will produce two witnesses:

1) Mr. Robert Ferrari, my long time general counsel, who, after hearing my situation with the Class Action, advised me to speak to Mr. Stuart Weinberger, a lawyer specialized in Labor cases, and Mr. Leo Fox. Mr. Ferrari will testify how I met Mr. Weinberger and Mr. Fox, and what was the purpose or our meeting, and the parameters of what needed to be accomplished.
2) Mr. Stuart Weinberger, who will testify how and why I met him, and the purpose of the ensuing introduction to Mr. Leo Fox.

It is to be noted that both Mr. Ferrari and Mr. Weinberger are sub-leasing their offices from Mr. Fox, and feel somewhat uncomfortable, and have some reserves, about testifying on my behalf

in my dispute with their landlord, Mr. Fox. I have assured them that my questions will be limited to recalling for the Court why I was meeting with each of them, and why and how Mr. Fox was introduced.

Debtor's Opposition is delivered electronically, along with 75 attachments, in several emails to the Court Chambers, and Mr. Fox.

As the Court has noted, some documents are located in New York City, where I will be back on March 29. The Court's deadline to furnish those supplemental documents is April 2, which I will endeavor to respect.

Debtor is hereby requesting from Mr. Fox to include, in his Reciprocal Disclosures due on or before March 27, any agreement that were executed between him and me (as Debtor's Principal, or otherwise).

Debtor and its Principal are also hereby requesting that a portion of the Hearing be held in non-public circumstances (in camera?), so that Debtor and I could produce additional correspondence with the Golenbock firm, and the accountants, without impacting Attorney-Client and Accountant-Client Privileges and information.

Based on the foregoing, Debtor, and its Principal, respectfully seek a Court Decision whereby Mr. Fox has already received his fees in full, when paid $17,500 at the inception of this Case, and should not be entitled to claim an additional amount.

Dated: Jackson, WY

      March 19, 2018

Debtor, by its Principal

*/s/ Philip Lajaunie*

President,

15 John Corp

P. O. Box #35

149 E 23rd. St.

New York, NY 10159

PL@FirstAdminInc.com

(917) 771-0727

16-12453-mew    Doc 178    Filed 03/19/18    Entered 03/19/18 16:04:26    Main Document
Pg 4 of 4